UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARON JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1627** |
| **HARRY LEE, ET AL.** | **SECTION "I" (4)** |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.   Factual Summary

This is the third lawsuit filed by Johnson in which he alleges to have suffered mental anguish as a result of the actions of many government officials as well as private individuals who allowed his adoptive legal guardian, Ms. Ruth Jackson, to molest him.[1] He alleges that all of his life he has been retaliated against by the State of Louisiana and its officials.[2] Specifically, he alleges that the Jefferson Parish Sheriff's Office retaliated against him by falsely arresting him and allowing him to

---

[1] *See* R. Doc. 1, at 4.

[2] *Id.*

be subjected to aggravated rape by inmates Michael Lovieck, Robert Flagg and Allen Riley while in the custody of the Jefferson Parish Correctional Center in 1993.[3]

In this lawsuit, he alleges that he was again raped and sexually assaulted by inmates Donald Davenport and Eugene Davenport while in the custody of the state.[4] He also alleges that he was subjected to medical malpractice while in the care of the West Jefferson Medical Center, although he does not specify the acts which could have constituted malpractice.[5]

He further claims injury as a result of the un-described actions of Governor Jindal, the Jefferson Parish Sheriff's Office, the JPCC Jail, West Jefferson Hospital, LSU Hospital and the FBI who allegedly failed to protect him from his enemies and the rapes that allegedly occurred in the 1980's and 1993.[6]

Johnson filed this lawsuit seeking a restraining order to prevent retaliation from Ms. Ruth Jackson and her family as well as from all of the defendants named in this lawsuit including the Fifth Circuit Court of Appeal (who was not named as a party).[7] He further seeks to be released from the Jefferson Parish Jail and seeks monetary damages for his injuries.[8]

Johnson had previously filed a lawsuit in this Court entitled *Baron Johnson v. James M. LeBlanc, et. al.*, Civil Action No. 10-1735 C(4), seeking damages arising out of the sexual assaults, abuse and medical negligence he experienced. Johnson named as defendants a multitude of

---

[3]*Id.*

[4]*Id.*

[5]*Id.*

[6]*Id.*

[7]*Id.* at 5.

[8]*Id.*

individuals, entities, and governmental agencies ranging from Secretary James M. LeBlanc of the Louisiana Department of Public Safety and Corrections in Baton Rouge to the L.S.U. Hospitals in Shreveport.[9]  This Court dismissed the previous lawsuit as malicious on April 28, 2011.[10]

Johnson also filed a similar lawsuit in the United States District Court for the Western District of Louisiana entitled *Johnson v. La. Dept. of Public Safety & Corr., et al.*, Civil Action No. 09-143-TS-MLH.  A review of the electronic case management website for the Western District reveals that the former suit was dismissed without prejudice for failure to prosecute on March 15, 2010, and has since been appealed by Johnson.

## II.     Standard of Review for Frivolousness

Title 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

---

[9]The following individuals were named as Defendants in Johnson's Complaint: (1) James M. LeBlanc; (2) Department of Public Safety and Corrections; (3) Harvey State Building; (4) Bureau of Human Rights Department of Health and Hospitals; (5) St. Joseph the Worker Church; (6) Jefferson Parish Project Outreach Program; (7) Mr. A.R. Coleman; (8) Ms. Annryet M. Yarbrough, Chairperson, Americans with Disabilities Act Office of Public Health; (9) Department of Health and Hospitals; (10) Medical Center of Louisiana; (11) West Jefferson Parish Bureau of Health Services Financing; (12) Richard Stalder; (13) Johnny Creed; (14) Transitional Care Center Health Care Services Division/Behavioral Health Services; (15) LSU Hospitals in Shreveport and New Orleans; (16) Cassandra Bradley, supervisor over Medicaid Department in the Harvey State Building; (17) Ms. Roubion, supervisor over Medicaid Department in the Harvey State Building; (18) Ms. R. Coleman, supervisor over Medicaid Department in the Harvey State Building; (19) Louisiana's Department of Health & Hospitals, Human Services; (20) West Jefferson Medical Center; (21) Jefferson Parish Human Services Authority; (22) Tulane Medical Center; (23) United States District Court Clerks for the Western District in Shreveport, Louisiana; (24) Second Parish Court House, Parish of Jefferson; (25) Marrero Post Office; and (26) Garry Davis, Pathways Housing Division of Resources for Human Development.

[10]*See Johnson v. LeBlanc, et. al.*, Civil Action No. 10-1735 C(4) (R. Doc. 6).

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir.1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**III.   Analysis**

    **A.   Claims Against Resigned Governor Edwin Edwards, Resigned Governor Kathleen Blanco, Governor Bobby Jindal, and the State of Louisiana**

Among the defendants Johnson filed the instant action against are Resigned Governor Edwin Edwards, Resigned Governor Kathleen Blanco, Governor Bobby Jindal, and the State of Louisiana. However, he does not include any specific allegations against any of them.

Johnson generally alleges that Edwards, Blanco, Jindal and the State of Louisiana are liable to him for failure to protect him from the molestation of his guardian, as well as the sexual assaults of the inmates he was housed with while in custody in the 1980's and 1993. He does not however allege that Edwards, Blanco, Jindal or the State of Louisiana were directly involved in either of the incidents.

Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his constitutional rights. 42 U.S.C. § 1983. A plaintiff must prove both the constitutional violation and that the action was taken by a "person" under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Polk County v. Dodson*, 454 U.S. 312 (1981).

To the extent that Johnson means to assert individual-capacity claims against the named defendants, he has failed to state cognizable claims with respect to the defendants. "Plaintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to a constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

Here, Johnson has not alleged any specific involvement of any of the governors. Accordingly, Johnson's claims against Edwards, Blanco and Jindal in their individual capacities must be dismissed as frivolous pursuant to § 1915(e)(2) and § 1915A(b)[11] for failure to state a claim for which relief can be granted.

Moreover, a state actor in his official capacity is not considered to be a person for purposes of suit under § 1983. *Will v. Michigan Dept. of St. Police*, 491 U.S. 58, 71 (1989); *Stotter v. Univ. of Tex.*, 508 F.3d 812, 821 (5th Cir. 2007). In keeping with its long-standing doctrine, the Supreme Court has held that, when a state actor is sued in his official capacity, the action is considered to be

---

[11]Under §§ 1915(e)(2) and 1915A(b), a court shall "dismiss the complaint, or any portion of the complaint, if the complaint--(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

one taken against the State or the department he represents. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978).

The Eleventh Amendment, however, forbids federal courts from entertaining a suit brought by a citizen against his own State. *Pennhurst State School v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F .2d 183, 185-86 (5th Cir. 1986). Nonetheless, a state may expressly waive this Eleventh Amendment sovereign immunity. *See Edelman v. Jordan,* 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed "unequivocally"); *Welch v. Dept. of Highways,* 780 F.2d 1268, 1271-73 (5th Cir. 1986). However, the State of Louisiana has not done so. Louisiana Revised Annotated Statute § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court."

As a general rule, suits against the State, and its employees in their official capacities implicates the Eleventh Amendment immunity doctrine. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313 (5th Cir. 1999); *Lockett v. New Orleans City*, 639 F. Supp.2d 710 (E.D. La. 2009); *Muhammad v. Louisiana*, No. 99-2694 c/w 99-3742, 2000 WL 1568210 (E.D. La. Oct. 18, 2000); *Citrano v. Allen Corr. Center*, 891 F. Supp. 312, 320 (W.D. La. 1995) ("A suit against any state correctional center would be suit against the State and therefore barred by the Eleventh Amendment.") (citing *Anderson v. Phelps*, 655 F. Supp. 560, 560 (M.D. La. 1985) and *Building Engr. Serv. Co., Inc. v. Louisiana*, 459 F. Supp. 180 (E.D. La. 1978)); *Wallace v. Edwards*, 30 F.3d 1493, 1994 WL 399144, at *1 (5th Cir. Jul. 21, 1994) (addressing the governor).

In this case, Edwards, Blanco and Jindal are and were at the time of the events about which Johnson complains, executive officers of the State of Louisiana. For Eleventh Amendment

purposes, the Executive Branch and Legislative Branch are considered arms of the State of Louisiana since any money judgment against these entities necessarily would be paid from state funds. *See Edelman*, 415 U.S. at 663. The Court, therefore, is without jurisdiction to hear Johnson's claims against the State of Louisiana, *Warnock v. Pecos County, Tx.*, 88 F.3d 341, 343 (5th Cir. 1996), and the claims against Edwards, Blanco, Jindal and the State of Louisiana must be dismissed pursuant to § 1915(e)(2) and § 1915A(b) for seeking relief against immune defendants.

However, the Supreme Court recognizes an exception to this doctrine where the Eleventh Amendment would not protect state officials. *Ex Parte Young*, 209 U.S. 123, 155-56 (1908); *Edelman*, 415 U.S. at 664; *Brennan v. Stewart*, 834 F.2d 1248, 1252 (5th Cir. 1988). To meet this exception in its application to a § 1983 suit, a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect. *See Saltz v. Tenn. Dept. of Employment Sec.*, 976 F.2d 966, 968 (5th Cir. 1992). Here, Johnson seeks injunctive relief against Edwards, Blanco and Jindal, in their official capacities as agents of the State. He alleges that the defendants are generally in violation of federal law for failing to protect him from his guardian and from other prison officials. However, even though the defendants would not be immune from these allegations and the claims would not barred by the Eleventh Amendment, the claims against them would be time barred as the alleged events occurred in the "1980's and 1993."[12]

---

[12]Because there is no federal statute of limitations for § 1983 claims, the district court looks for comparison to the forum state's statute of limitations for personal injury claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985) (§ 1983 actions are best characterized as personal injury actions); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (citing *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994)). In Louisiana, personal injury claims are governed by La. Civ. Code art. 3492, which provides for a prescriptive period of one year from the date of injury or damage. *See Jacobsen*, 133 F.3d at 319 (citing *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989)). For purposes of calculating the limitations period, a § 1983 cause of action, similar to a Louisiana tort claim, accrues when the plaintiff knows or has reason to know of the injury which forms the basis of his action. *Wallace*, 549 U.S. at 388; *Jacobsen*, 133 F.3d at 319; *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

B.     **Claims Against District Attorney Paul D. Connick, Jr.**

Johnson has also named Orleans Parish District Attorney Paul D. Connick, Jr. ("Connick") as a defendant. He does not set forth sepecific allegations against the District Attorney. Presumably the claim against the District Attorney were the result of some action in his official capacity.

The Supreme Court has recognized that there are some officials whose duties require a full exemption from liability. Such officials include prosecutors in the performance of their official functions. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Yaselli v. Goff*, 275 U.S. 503 (1927). In order to determine whether an official is absolutely immune from suit, the proper focus is not the identity of the party claiming the immunity, but rather, his or her "role in the context of [the] case." *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). In other words, immunity attaches to particular official's functions, not to the particular office he or she holds. *Forrester v. White*, 484 U.S. 219, 229 (1988); *see also O'Neal v. Miss. Bd. of Nursery*, 113 F.3d 62 (5th Cir. 1997).

In the context of absolute prosecutorial immunity, immunity from suit extends to those acts "intimately associated with the judicial phase of the criminal process" which includes the presentation of the State's case, evaluating evidence, and interviewing witnesses in preparation for trial. *Burns v. Reed*, 500 U.S. 478, 492 (1991). Also, among the traditional functions of a prosecutor is the duty to decide which charges to bring and whether to pursue a conviction in court. *See Kalina v. Fletcher*, 522 U.S. 118, 125 (1997).

---

The Supreme Court has held that the limitations period begins to run at the point when "the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citations omitted).Thus, for purposes of this lawsuit, Johnson would have had one year from the date of his injury or damage to bring both his § 1983, and any state tort claims, against the defendants. According to Johnson, he knew immediately that he was molested, sexually assaulted and subjected to medical malpractice. He therefore had one year, or until some time in the early 1980's or at the latest1994, one year from the latest incident about which he complains to file his this civil rights lawsuit.

Johnson's claims against Connick are unclear because he simply provides a laundry list of names of people he has decided to sue. To the extent that his claims are the result of the District Attorney's official acts, he is an immune defendant pursuant to § 1915(e)(2) and § 1915A(b) and the claims against him should be dismissed.

### C. Claims Against James M. LeBlanc, Burl Cain, Ruth Jackson, Sheriff Newell Normand, the Louisiana Department of Corrections, and the 5th Circuit Court of Appeals

Title 28 U.S.C. § 1915(e)(2)(B) and § 1915A require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous or malicious. It has long been resolved that repetitious litigation raising the same cause of action as a previous or pending lawsuit is subject to dismissal under § 1915(e)(2)(B) and § 1915A as malicious. *Pittman v. Moore*, 980 F. 2d 994, 995 (5th Cir. 1993) (holding claims which duplicate claims pending in another federal action by the same plaintiff are "malicious"); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *see also Wilson v. Lynaugh*, 878 F.2d 846, 849-50 (5th Cir. 1989).

The claims raised against Cain, LeBlanc, and the Louisiana Department of Corrections are identical to claims raised in another suit, *Johnson v. LeBlanc, et al.*, Civil Action No. 10-1734"N"(1). In that complaint, Johnson named these defendants, in addition to others for claims relating to the alleged sexual assault and molestation by his guardian, Ms. Ruth Jackson. The Court dismissed the claim without prejudice, finding that the pleading was "so rambling, confusing, and vague that its true substance is impossible to ascertain."[13]

---

[13] *See Johnson v. LeBlanc, et al.*, Civ. Action 10-1734"N"(1) (R. Docs. 4, 7, and 8).

Also, Johnson filed another complaint in *Johnson v. Ruth Jackson*, Civil Action No. 14-0937"R"(4), seeking damages for the molestation he endured at the hands of his guardian. He also sought damages against the 5th Circuit Court of Appeals and Sheriff Newell Normand arising out of the same facts alleged in this instant action. That action was dismissed on September 25, 2014 as malicious.[14]

Because the claims in this action are duplicitous of those raised in Johnson's other civil actions, the claims against James M. LeBlanc, Warden Burl Cain, Louisiana Department of Corrections, Ruth Jackson, Sheriff Newell Normand and the 5th Circuit Court of Appeals are subject to dismissal as malicious under § 1915(e)(2)(B) and § 1915A.[15]

### D.  Claims Against West Jefferson Medical Center and the Jefferson Parish Human Services Authority Mental Health Clinic

Johnson also filed suit against West Jefferson Medical Center and Jefferson Parish Human Services Authority Mental Health Clinic. However, he fails to set forth any allegations against them. Presumably, Johnson seeks to assert that these medical centers were indifferent to his serious medical needs.

The standard of conduct for providing medical care to inmates under the Eighth Amendment was clearly established by the Supreme Court in *Estelle v. Gamble*, 429 U.S. 97 (1976). In *Estelle*, the Court held that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary wanton infliction of pain," proscribed by the Eighth Amendment. *Id.* at 104. This is

---

[14]*See Johnson v. Ruth Jackson*, Civil Action No. 14-0937"R"(4) (R. Doc. 17).

[15]The Court notes that in the duplicitous action, the Court dismissed the complaint without prejudice and afforded the plaintiff twenty (20) days in which to file a complaint with a "comprehensible cause of action." *See Johnson v. LeBlanc, et al.*, Civ. Action 10-1734"N"(1) (R. Doc. 4, p. 3)  The instant complaint, however, cannot be construed as an attempt to re-file the complaint in that action, as it was filed prior to the Judge's dismissal of the action.

true where the indifference is manifested by prison doctors in their response to the prisoner's needs. It is also true where the indifference is manifested by prison officials in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. *Id.* In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. *Id.*

"Deliberate indifference" means that a prison official is liable "only if he knows that the inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). The *Farmer* definition applies to Eighth Amendment medical claims. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). Thus, an inmate must satisfy two requirements to demonstrate that a prison official has violated the Eighth Amendment. "First, the deprivation alleged must be, objectively, 'sufficiently serious'; a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (citations omitted). Second, the plaintiff must show that the defendants "exhibited deliberate indifference to his serious medical needs." *Cooper v. Johnson*, 353 F. App'x 965, 967 (5th Cir. 2009) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)); *accord Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999); *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993).

In this case, Johnson names the mental health facility and the medical center. However, he fails to set forth any allegations against them. As a result the claims against these facilities are frivolous as they fail to state a cause of action for which relief may be granted.

### E.  Claims Against Sheriff Harry Lee

Johnson also named the deceased former Sheriff of Jefferson Parish, Harry Lee.  Again he fails to state any allegations against Lee. It is further unclear whether Lee had some direct involvement in any of the experiences about which Johnson complains.  To the extent that Johnson is attempting to hold the former sheriff liable because of his position as sheriff, supervisory liability does not lie against the sheriff. *See Dean v. Lee*, No.  CIV.A. 06-3770, 2007 WL 1029428 (E.D. La. Mar. 28, 2007).

### F.  Claims Against Linda Ramony

Johnson also named Linda Ramony who he alleges was the Secretary of the Louisiana Department of Corrections.  Its unclear what state agency he believes she was affiliated with.  Even if she was a member of a state agency and worked in a supervisory capacity, she would not be liable for the same reasons as detailed above.  Furthermore, Johnson again fails to set forth any factual allegations against her.  As a result, the claims he asserts against her are frivolous.

## IV.  Recommendation

Accordingly,

**IT IS RECOMMENDED** that Johnson's § 1983 claims against "Resigned" Governor Edwin Edward, "Resigned" Governor Kathleen Blanco, Governor Bobby Jindal, District Attorney Paul D. Connick, Jr., West Jefferson Medical Center, Jefferson Parish Human Services Authority Mental Health Clinic, Sheriff Harry Lee, Linda Ramony, and the State of Louisiana be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim for which relief can be granted pursuant to § 1915(e)(2), § 1915A, and §1997e.

**IT IS FURTHER RECOMMENDED** that the remainder of Johnson's § 1983 complaint against the remaining defendants, James M. LeBlanc, Department of Public Safety and Corrections, Burl Cain, Warden of Louisiana State Penitentiary, Louisiana Department of Corrections, Ruth Jackson, Newell Normand, Jefferson Parish Sheriff's Office, and the Fifth Circuit Court of Appeals be **DISMISSED WITH PREJUDICE** as malicious and duplicitous of Civ. Action No. 10-1734"N"(4) and Civ. Action No. 14-00937 "R".

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[16]

New Orleans, Louisiana, this 28th day of October, 2014.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

---

[16]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.